UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                    98-cr-1023-08 (LAK)

KHALFAN KHAMIS MOHAMED,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/29/2025

### MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Khalfan Khamis Mohamed was convicted by a jury on May 29, 2001, of numerous capital and non-capital offenses arising out of his participation in the August 7, 1998, bombing of the American embassy in Dar es Salaam, Tanzania, which killed eleven people and injured at least 85 others.[1]  Mohamed played a significant role in the planning and execution of the bombing.  He purchased a vehicle to transport bomb components, participated in the grinding of TNT, and loaded boxes of TNT, cylinder tanks, batteries, detonators, fertilizers, and sandbags into the back of a truck that had been purchased to execute the bombings (the "Bomb Truck").[2]  And on the day of the bombing, Mohamed personally accompanied the man who detonated the bomb in the Bomb Truck during a portion of the ride to the Embassy.

        On October 28, 2001, Judge Leonard B. Sand sentenced Mohamed to a term of life

---

[1]     *See United States v. Bin Laden*, 156 F. Supp. 2d 359, 361–62 (S.D.N.Y. 2001).

[2]     Dkt 2246 at 2 (citing the presentence report).

2

imprisonment followed by 40 years' imprisonment. Mohamed now moves for reduction of that sentence under 18 U.S.C. § 3582(c)(1)(A).³

Under Section 3582(c)(1)(A), a court may reduce a sentence if it finds that "extraordinary and compelling reasons" so warrant and the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction.⁴ The Sentencing Guidelines policy statement in U.S.S.G. § 1B1.13 sets forth the reasons that qualify as "extraordinary and compelling."⁵

Mohamed argues that there are four extraordinary and compelling reasons that justify a sentencing reduction: (1) he has been a victim of abuse in custody, (2) his medical conditions, (3) his sentence was disproportionate to the sentences of three co-defendants, and (4) he has been rehabilitated.

First, with respect to alleged abuse, this reason applies only where misconduct has been "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."⁶ None of those circumstances is present here. Moreover, this reason applies only to instances of physical abuse resulting in serious bodily injury or sexual abuse.⁷

---

3   Dkt 2244.

4   *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam).

5   18 U.S.C. § 3582(c)(1)(A) (sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission"); *see also United States v. Corbett*, No. 10-cr-184 (PAE), 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023).

6   U.S.S.G. § 1B1.13(b)(4).

7   *Id.*

3

Mohamed has not alleged that he was the victim of sexual abuse, and he has submitted no reliable evidence of a serious bodily injury.

Second, with respect to medical conditions, this reason applies in limited circumstances, including where the defendant is suffering from a terminal illness or a serious physical or medical condition from which he is not expected to recover and that substantially diminishes his ability to provide self-care.[8] Mohamed states that he suffers from, among other ailments, vision problems, hypertension, constipation, urinary issues, alopecia, and pain throughout his body.[9] None of these conditions meets the criteria set forth in the Sentencing Guidelines.

Third, with respect to the differences between Mohamed's sentence and the sentences of his co-defendants, such disparities are not among the extraordinary and compelling reasons recognized by the Sentencing Guidelines.[10] To the extent Mohamed argues that he received an "unusually long sentence,"[11] he has not identified any "change in the law" that "would produce a gross disparity between the sentence being served and the sentence [that] likely [would have been] imposed at the time the motion is filed."[12] Indeed, the numerous capital and non-capital offenses for which Mohamed was convicted would result in the imposition of a similar sentence today. Moreover,

---

[8] U.S.S.G. § 1B1.13(b)(1).

[9] Dkt 2244 at 14–22.

[10] U.S.S.G. § 1B1.13(b)(1)–(6).

[11] *Id.* at § 1B1.13(b)(6).

[12] *Id.*

4

as set forth in the government's opposition,[13] "a reasonable explanation of the different sentences here is readily apparent, namely, the varying degrees of culpability and cooperation between the various defendants."[14]

Fourth, with respect to rehabilitation, that "is not, by itself, an extraordinary and compelling reason."[15]

Finally, even if extraordinary and compelling reasons were present here, a sentence reduction would not be appropriate because of the seriousness of Mohamed's offenses and the need for deterrence.[16]

The motion for a reduced sentence [Dkt. 2240] is denied. The Clerk of the Court is directed to mail a copy of this order to Mr. Mohamed.

SO ORDERED.

Dated:    August 28, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[13] Dkt 2246 at 8–9.

[14] *United States v. Ebbers*, 458 F.3d 110, 129 (2d Cir. 2006).

[15] U.S.S.G. § 1B1.13(d).

[16] *See* 18 U.S.C. § 3553(a); *see also Keitt*, 21 F.4th at 69 (district court may deny a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors).